EVA K. D. MᴄGOWAN *vs.* FRANCIS PEABODY, JR.,
Administrator.

WASHINGTON—JUNE 29, 1898.

PRESENT : Stiness, Tillinghast and Rogers, JJ.

Gen. Laws R. I. cap. 215, § 3, relating to presentation, proof, and contest of claims against the estates of deceased persons and appointment of commissioners thereon, applies alike to solvent and insolvent estates.

The object of the statute in either case is that all creditors of the estate shall stand upon the same footing both as to the time within which all contested claims shall be proved and the time when the commissioners shall report thereon.

No longer time would seem to be required in case the estate is solvent than when it is insolvent ; but whether the thirty days be sufficient or not, this is all the time the statute gives.

PROBATE APPEAL.   Heard on question of the time within which claims against the solvent estate of a decedent may be contested and commissioners appointed.

TILLINGHAST, J.   This is an appeal from a decree of the Probate Court of the District of Narragansett, passed on the 25th day of October, 1897, whereby a request of the appellee, filed on the 24th day of June, 1897, stating that he desired to contest all the claims presented against the estate of Horace S. Bloodgood, and asking for the consent of said Probate Court for permission to have all the claims against said estate proved before commissioners, and that he may elect to so

present said claims, etc., was granted and commissioners appointed.

For reasons of appeal the appellant says:

1.  That said appellee did not make choice of or request said Probate Court to consent to the proof of claims against said estate before commissioners, or for the appointment of said commissioners, or elect to have commissioners appointed before whom claims against said estate should be presented and proved, and file the same in the clerk's office of said Probate Court, until the said 24th day of June, 1897, which was more than thirty days after the expiration of the period allowed by law or prescribed by decree of said Probate Court for the presentation of claims against said estate; and that to be of any avail said choice, election, and request should have been made and filed within thirty days from the expiration of six months from the time of the first advertisement of said appellee's qualification as administrator on said estate, which was on the 23d day of October, 1896. That six months thereafter expired on the 23d day of April, 1897, and that thirty days after that time expired on the 23d day of May, 1897.

2.  That, as a matter of law, said Probate Court had no jurisdiction to grant the request or consent to the election of said appellee, as aforesaid, to have all the claims against said estate presented and proved before commissioners, or to appoint said commissioners at the time of said appellee's request or at any time thereafter.

Gen. Laws R. I. cap. 215, § 3, provides as follows: "Within thirty days after the expiration of the period allowed by law or prescribed by decree of the probate court for presentation of claims, the executor or administrator shall file a statement in the probate court allowing or denying the validity of claims so presented, and giving personal notice to claimants whose claims are contested; and if he believe that said estate is insolvent, declaring the same to be such, and asking for appointment of commissioners, and giving notice to all parties who have presented claims to prove the same before said commissioners; but if said estate be solvent, and he desires to

contest any claim presented, such executor or administrator, with the consent of the probate court, may elect whether the same be proved before commissioners or by suit. If the estate be insolvent, or the claim is to be proved before commissioners, three commissioners shall be appointed by the probate court in the manner hereinafter provided."

Counsel for appellee contends that under said section there is no limitation of time within which the administrator of a *solvent* estate must elect to have contested claims proved before commissioners, nor as to the time within which the consent of the Probate Court shall be given. We do not so construe the statute. The time limit mentioned in said section applies, in our judgment, to solvent as well as to insolvent estates. Both kinds of estates are mentioned in the same section, and the only time limit prescribed in relation thereto is thirty days. If the estate is represented insolvent, the administrator is given thirty days after the expiration of the time limited for the presentation of claims in which to determine whether he will contest the same. If the estate is solvent, and he elects, with the consent of the Probate Court, that the claims shall be proved before commissioners, then, under the natural and logical construction of said section, he is to do so within the same limit of time. If there is no limitation of time within which the administrator must elect to have contested claims proved before commissioners, as contended by counsel for appellee, the rights of the creditors might be seriously interfered with and the settlement of the estate greatly delayed. Section 5 of the same chapter provides that "If a commission on either solvent or insolvent estates be requested, such commission shall be appointed by the court at once and shall report on the contested claims within a period of three months unless further time, but not exceeding nine months from the date of first appointment, be then or thereafter allowed in extension of time, in the discretion of the court, for reasonable cause shown by claimants or commissioners. And in case of such extension, notice may be given in such manner as the court may direct." It thus appears that no practical distinction is made in the procedure

whether the estate be solvent or insolvent, the object of the statute evidently being that in either case the creditors shall stand upon the same footing as to the time within which all contested claims shall be proved, and also as to the time within which the commissioners shall report thereon. See *Strong* v. *Luther*, 20 R. I. 317.

But counsel for appellee argues that the authority to elect whether the claims shall be proved before commissioners or by suit presupposes investigation into the condition of the estate and the exercise of judgment as to the propriety of asking consent for the appointment of commissioners after the condition of the estate is ascertained, and that this may require more than the thirty days permitted in case of insolvent estates. We fail to see any good reason why a longer time should be required in case the estate is solvent than when it is insolvent. In either case the claims are all before the executor or administrator, and where the estate is solvent he has only to determine whether he desires to contest any of said claims, and, if so, whether or not such contest, in the first instance, shall be had before commissioners. And it would seem that thirty days would be ample for this purpose. But whether the time given is sufficient or not, it is all that the statute gives him, and hence the argument *ab inconvenienti* cannot prevail.

We therefore decide that the probate court had no jurisdiction to appoint the commissioners in question at the time of the request aforesaid.

*Samuel T. Douglas*, for appellant.

*Stephen A. Cooke and Louis L. Angell*, for appellee.